J-A10010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANCISCO SALVA AND LISA NAVARETTE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENT MORGAN CONSTRUCTION, LLC AND MATTHEW T. MCGEEVER | : | No. 1962 EDA 2022 |
| | : | |
| | : | |
| APPEAL OF: MATTHEW T. MCGEEVER | : | |

Appeal from the Judgment Entered July 11, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2018-03165-CT

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:       **FILED AUGUST 22, 2023**

Matthew T. McGeever appeals from the judgment[1] entered in favor of

Francisco Salva and Lisa Naverette (collectively "Appellees"). We affirm.

---

* Former Justice specially assigned to the Superior Court.

[1] While McGeever appealed from the order denying his post-trial motions and granting Appellees post-trial motions, his appeal actually lies from the judgment entered on July 11, 2022. In a civil case, an appeal "can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." ***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995) (en banc) (citation omitted); ***see also Angelichio v. Myers***, 110 A.3d 1046, 1048 (Pa. Super. 2015) ("As a general rule, this Court has jurisdiction only over appeals taken from final orders."). Despite McGeever's failure to cite the correct final judgment in his notice of appeal, we will consider the appeal properly taken from the entry of judgment and have amended the caption
*(Footnote Continued Next Page)*

On February 17, 2017, Appellees, who lived in California, purchased a home in Malvern, Pennsylvania, with the intent of remodeling the home before moving in. Prior to closing on the home, Appellees hired Brent Morgan Construction, LLC ("BMC") to serve as the project manager, design consultant, and general contractor for the project pursuant to a project management agreement and renovation estimate. McGeever was the sole member and principal of BMC.

According to BMC's estimate, the renovation project should have taken seven to nine months to complete and cost approximately $850,000. Approximately one year after hiring BMC, Appellees had spent $983,586, including directly paying BMC $860,115.11, on the home, and BMC had only completed 35-40% of the work. Appellees discovered that BMC was manipulating the costs and misusing money for the project for McGeever's personal use. As a result, Appellees fired BMC from the project and hired a new contractor, Stephen Rudloff of Rudloff Custom Builders, to repair and finish BMC's work at Appellees' home. Appellees paid Rudloff approximately $1.3 million to undo and redo BMC's work.

On March 23, 2018, Appellees filed a writ of summons against BMC related to defective and unfinished work BMC performed on Appellees' home.

---

accordingly. **See Johnston the Florist, Inc.**, 657 A.2d at 514-15 (stating that appellate courts may "regard as done that which ought to have been done." (citations omitted)).

Appellees filed a complaint, and, thereafter, an amended complaint against BMC and McGeever. In the amended complaint, Appellees raised claims of breach of contract, violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), conversion, and common law fraud against BMC, and claims for fraud, piercing the corporate veil, breach of fiduciary duty, and unjust enrichment against McGeever.

On May 21, 2019, Appellees served BMC with requests for admissions regarding 627 payments made by BMC during its work on the project. Appellees sought admissions that the payments in question were not relevant to their home project. BMC failed to respond to the requests. Subsequently, BMC filed a motion for leave to file an amended answer to Appellees' amended complaint to include new matter. On October 8, 2020, the trial court granted BMC 20 days to file an amended answer with new matter. BMC failed to comply with this order and did not file an amended answer with new matter.

As a result, on October 30, 2020, Appellees filed a motion for partial summary judgment as to all counts against BMC. Notably, in their motion, Appellees sought $599,276.71 in damages, highlighting that BMC's deemed admissions established it spent only $208,670.72 on Appellees' home project. The trial court granted Appellees' motion as to liability only and indicated the jury would determine damages against BMC. BMC did not appeal this order.

The matter was bifurcated and the claims, aside from the UTPCPL and piercing the corporate veil claims, proceeded to a jury trial. At trial, BMC was

not represented and did not participate and McGeever represented himself. Appellees both testified and they presented Rudloff as a witness. Notably, Appellees also introduced numerous exhibits, including a report authored by an unknown employee of West Chester Design Build, a builder that had prepared an estimate for home repairs but did not actually perform any services at the home. McGeever testified on his own behalf. After presenting his defense, McGeever moved for a directed verdict on all counts. The trial court granted directed verdict in favor of McGeever on the breach of fiduciary duty claim, but denied it as to the remaining claims.

Ultimately, the jury found in favor of Appellees and against McGeever on the counts for fraud and unjust enrichment. The jury awarded compensatory damages of $1,521,494.18 in favor of Appellees. Notably, the jury did not apportion the damages between the fraud and unjust enrichment claims. The jury also awarded Appellees punitive damages of $250,000. Further, the jury awarded Appellees damages against BMC in the amount of $599,276.71, and additionally awarded them $600,000 in punitive damages.

On December 8, 2021, the trial court found in favor of McGeever on the Appellee's request to pierce the corporate veil and found in favor of Appellees on the UTPCPL claims. The trial court awarded Appellees $599,276.71. Subsequently, following a separate hearing for an award of attorney's fees under the UTPCPL, the trial court awarded Appellees $208,000.00 of attorney's fees.

McGeever filed a motion for post-trial relief, seeking judgment notwithstanding the verdict ("JNOV") or a new trial based upon various alleged errors by the trial court. Appellees filed a cross-motion for post-trial relief, arguing that the trial court improperly rejected their request to pierce the corporate veil. On July 8, 2022, the trial court denied McGeever's motion, and granted Appellee's cross-motion and awarded Appellees $599,276.71, plus attorney's fees of $208,343.08. McGeever timely appealed.

On appeal, McGeever raises the following questions for our review:

1. Did the Trial court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial, where the jury returned an award of punitive damages without sufficient evidence of [McGeever's] wealth?

2. Did the Trial Court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial because the verdict sheet did not instruct the Jury to apportion damages?

3. Did the Trial Court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial because the trial court instructed the jury that BMC had previously been found liable to Appellees?

4. Did the Trial Court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial because [McGeever's] liability was sent to the same jury charged with deciding BMC's damages?

5. Did the Trial Court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial because the Trial Court sent BMC's damages to the same jury charged with Appellees' claim under the participation theory?

6. Did the Trial Court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial by precluding [McGeever] from presenting evidence of payments to subcontractors and material suppliers for labor and materials furnished and/or ordered for Appellees' property?

7. Did the Trial Court err and/or abuse its discretion in denying [McGeever's] post-trial motion seeking judgment notwithstanding the verdict or a new trial by allowing Appellee Lisa Naverette to testify to the contents of the West Chester Design Build Report?

Appellant's Brief at 4-5.

As a preliminary matter, "[a]ppellate review of a denial of JNOV is quite narrow. We may reverse only in the event the trial court abused its discretion or committed an error of law that controlled the outcome of the case." **Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.**, 126 A.3d 959, 967 (Pa. Super. 2015) (citation omitted). Likewise, "[o]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion." **Schuenemann v. Dreemz, LLC**, 34 A.3d 94, 98-99 (Pa. Super. 2011) (citation omitted).

In his first claim, McGeever argues that the jury erroneously awarded punitive damages where insufficient evidence of his wealth was presented at trial. **See** Appellant's Brief at 16-20. McGeever specifically asserts that the trial court abused its discretion in instructing the jury to consider his wealth

without evidence to establish his wealth. *See id.* at 18-20. McGeever also contends that the trial court allowed Appellees' counsel to mention wealth during closing arguments. *See id.* at 20. Additionally, McGeever baldly contends that the trial court erred in including punitive damages on the verdict sheet because there was insufficient evidence to properly quantify such an award. *See id.*[2]

Here, McGeever failed to object to either the trial court's instruction or Appellees' counsel closing argument regarding his wealth. *See Parr v. Ford Motor Co.*, 109 A.3d 692, 709 (Pa. Super. 2014) (noting that the failure to make a contemporaneous objection waives an issue on appeal); *see also* Pa.R.A.P. 2117(c) (where an issue is not reviewable unless raised or preserved below, an appellate brief must set forth specific references to the places in the record where the question was timely and properly raised below so as to preserve the issue on appeal). Likewise, McGeever failed to object at trial to the verdict sheet or to the alleged error before the jury's discharge. *See Bert Co. v. Turk*, 257 A.3d 93, 112 (Pa. Super. 2021) ("A party waives post-trial relief based on inconsistent verdicts by failing to object at trial to the verdict sheet that permitted the inconsistent verdicts or by not objecting to the

---

[2] We note with disapproval that McGeever does not cite to any case law in support of this proposition. *See In re Est. of Whitley*, 50 A.3d 203, 210 (Pa. Super. 2012) (noting that appellants' failure to cite any legal authority in their single-paragraph argument constituted waiver of the issue).

alleged inconsistency before the jury's discharge." (citation omitted)). Therefore, these claims are waived on appeal.[3]

In his second claim, McGeever contends that trial court erred in denying his motion for post-trial relief based upon the fact that the verdict sheet did not apportion the damages between fraud and unjust enrichment. **See** Appellant's Brief at 21-23. McGeever notes that punitive damages are not recoverable on an unjust enrichment claim. **See id.** at 21.

Here, McGeever failed to preserve his claim regarding the verdict sheet at trial. **See Turk**, 257 A.3d at 112; **see also Straub v. Cherne Industries**, 880 A.2d 561, 566-68 (Pa. 2005). Therefore, McGeever's second claim is waived.

In his third claim, McGeever asserts that the trial court erroneously instructed the jury that BMC had been found liable for fraud, breach of contract, and conversion. **See** Appellant's Brief at 23-25. According to McGeever, these statements made his own liability a foregone conclusion because he was the sole owner and operator of BMC. **See id.** at 24.

---

[3] McGeever asks this Court to liberally construe the waiver rules based upon his *pro se* status at trial. **See** Appellant's Brief at 13-14. However, McGeever ignores that his *pro se* status confers no special benefit on himself. **See Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021). In fact, *pro se* litigants "must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Id.** (citation omitted). "[A]ny layperson choosing to represent himself … in a legal proceeding must, to some reasonable extent, assume the risk that his … lack of expertise and legal training will prove his … undoing." **Id.** (citation omitted, brackets in original).

Preliminarily, BMC did not file an appeal of the trial court's judgment and is not a party to this appeal; therefore, it has no standing to raise any claims. *See generally Liles v. Balmer*, 653 A.2d 1237, 1239 n.1 (Pa. Super. 1994) (noting that an individual who was not party to action is not aggrieved by the trial court order and has no standing to appeal). In any event, neither McGeever nor BMC preserved this claim for appellate review by lodging an objection at the time the trial court instructed the jury. *See Parr*, 109 A.3d at 709.

In his fourth claim, McGeever contends that the trial court erroneously instructed the jury to rule on his liability and damages to Appellees where the same jury had already been informed about BMC's liability. *See* Appellant's Brief at 25-27. McGeever also argues the trial court erred in combining damages for BMC with liability and damages for him on the same verdict sheet. *See id.* at 26, 27. Likewise, in his fifth claim, McGeever claims that the trial court erroneously instructed the jury to determine Appellees' claims under the participation theory[4] against him. *See id.* at 28-32. According to McGeever, he was unduly prejudiced and deprived of a fair trial because

---

[4] A claim under the participation theory is "an attempt to assess direct liability in tort against a person acting as an officer or director of a corporation[.]" *Vill. at Camelback Property Owners Ass'n v. Carr*, 538 A.2d 528, 533 (Pa. Super. 1988). "Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer." *Id.* (citation omitted).

evidence of BMC's liability was never presented to the jury and consequently, no evidence of what he actually participated in was presented to the jury. **See id.** at 30-31; **see also id.** at 31-32 (maintaining that the jury considered BMC's liability in determining whether its only employee was also liable).

Again, McGeever did not object to the jury instructions or the verdict sheet; therefore, his arguments are waived. **See Parr**, 109 A.3d at 709; **see also Turk**, 257 A.3d at 112. Moreover, McGeever fails to cite any authority for the proposition that a jury could not determine liability and damages as to two separate parties following a single trial. **See In re Est. of Whitley**, 50 A.3d at 210. Importantly, McGeever did not poll the jury following trial and does not cite to any evidence that the jury improperly determined his liability based upon BMC's liability. Accordingly, McGeever has waived his fourth and fifth claims.

In his sixth claim, McGeever contends that the trial court abused its discretion in precluding him from admitting evidence of BMC's payments to subcontractors and suppliers for labor and materials in the amount of $626,000 for Appellees' home. **See** Appellant's Brief at 32, 34. McGeever argues that he sought to introduce these records to rebut Appellees' fraud and damages claims. **See id.** at 34-35. McGeever highlights that Appellees were permitted to admit unredacted copies of BMC checking account statements to prove their case. **See id.** at 35-36. McGeever asserts that because Appellees

introduced BMC records, he should have been permitted to disprove their claims with his own BMC records. ***See id.***

"Questions concerning the admissibility of evidence are within the sound discretion of the trial court[,] and we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion." ***El-Gharbaoui v. Ajayi***, 260 A.3d 944, 964 (Pa. Super. 2021) (citation omitted, brackets in original).

At trial, McGeever sought to introduce BMC business records to establish purported payments to subcontractors. ***See*** N.T., 6/23/21, at 206. Appellees objected because BMC was not represented in the case. ***See id.*** The trial court sustained the objection. ***See id.***

Here, McGeever baldly cites to Pa.R.E. 402 to support his argument, but fails to present any pertinent analysis or citation to case law to establish that the trial court abused its discretion in denying admission of the evidence because BMC was not a party to the appeal. ***See*** Pa.R.A.P. 2119(a). In any event, although McGeever's argument focuses on the attempt to introduce business records at trial, he wholly ignores that BMC's expenditures on the project had already been resolved in the Appellees' favor through BMC's failure to respond to Appellees' request for admissions. In their motion for partial summary judgment against BMC, Appellees stated that BMC's deemed admissions established it spent $208,670.72 on Appellees' home project. ***See*** Motion for Partial Summary Judgment, 10/30/20, at ¶¶ 30, 39. McGeever does

not challenge these admissions on appeal. Based upon the foregoing, McGeever has not established the trial court abused its discretion and his claim is without merit.

In his final claim, McGeever contends that the trial court abused its discretion in allowing Lisa Naverette to testify about the contents of the West Chester Design Build, claiming that such evidence was hearsay and irrelevant. *See* Appellant's Brief at 36-39. McGeever did not contemporaneously object to this testimony. Accordingly, this claim is waived. *See Parr*, 109 A.3d at 709.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2023